■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE ROOSEVELT MITTEL, Appellant. — In a *coram nobis* proceeding to vacate a judgment of the former County Court, Queens County, rendered March 29, 1960 upon appellant's guilty plea, order of the Supreme Court, Queens County, dated November 16, 1966 and made upon reargument, which denied the application without a hearing, reversed, on the law, and proceeding remitted to the Supreme Court, Queens County, for a hearing and new determination. No questions of fact were considered on this appeal. Defendant's allegation in this proceeding is that he was told by an Assistant District Attorney that, if he did not plead guilty to robbery in the second degree and went to trial, he would get the maximum sentence possible upon conviction; that despite the threat he "did not want to take the plea (even at that point), but then the Hon. George P. Stier told

defendant * * * [within the hearing of witnesses] that if he plead guilty, he would not get any more than five years at Elmira Reception Center". Defendant pleaded guilty and was sentenced to a term of 3 to 15 years at Elmira Reception Center. His present twofold contentions are that he was induced to plead guilty "because of the District Attorney's threat and because of the Judge's promise". In our opinion, the minutes at the time of the guilty pleading do not conclusively refute defendant's claim as to the Assistant District Attorney's threat and the court's promise (*People* v. *Granello,* 18 N Y 2d 823; *People* v. *Elfe,* 18 N Y 2d 601; *People* v. *Glasper,* 14 N Y 2d 893). Moreover, we are of the opinion that the District Attorney should have produced an affidavit from the Assistant District Attorney, who is presently in active practice (*People* v. *Scott,* 10 N Y 2d 380). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.